UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

MIGUEL A. CASIANO, JR.,                                       Civil No. 04-3810 (JNE/SRN)

                    Petitioner,

          v.                                                **REPORT AND RECOMMENDATION**

LISA J.W. HOLLINGSWORTH,

                    Respondent.

_____

          Miguel A. Casiano, Jr., Federal Correctional Institution - Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55810, Petitioner, pro se.

          Ann M. Anaya, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondent.

          _____

SUSAN RICHARD NELSON, United States Magistrate Judge

          This matter is before the undersigned Magistrate Judge of the District Court on the petition of federal prisoner, Miguel A. Casiano, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner claims that the federal Bureau of Prisons, ("BOP"), has misinterpreted the federal statute governing the award of "good time credit," and that Respondent is therefore intending to keep him in prison beyond his correct release date.  Respondent has filed a response, (Docket Nos. 4-6), contending that Petitioner is not entitled to any relief in this case.

          The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).  For the reasons discussed below, the Court concludes that Petitioner's habeas corpus petition should be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

In January 1999, Petitioner was sentenced to 121 months in federal prison. His sentence was imposed by the United States District Court for Eastern District of New York, following Petitioner's conviction for a federal drug law offense involving heroin trafficking. Petitioner is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner is not presently challenging the validity of his conviction or sentence. As noted above, Petitioner is claiming that the BOP has misinterpreted the federal good time credit statute, and that the BOP has therefore miscalculated the date when he should be released from prison.

Petitioner contends that he should be allowed to earn up to 54 days of good time credit per year, but he actually earns no more than 47 days under the BOP's allegedly erroneous construction of the statute. He is seeking a writ of habeas corpus that would compel the BOP to accept his construction of the good time credit statute, and award him the additional good time credit that he would thereby earn.

Respondent contends that the BOP's interpretation of the good time credit statute is reasonable and proper, and should be upheld by the Court.[1] For the reasons discussed

---

[1]  Respondent has also argued, in the alternative, that this action should be summarily dismissed, because Petitioner failed to exhaust his administrative remedies before filing his habeas corpus petition. As a general rule, of course, federal prisoners must exhaust all available administrative remedies before seeking habeas corpus relief in federal court. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001) (per curiam) (unpublished opinion); United States v. Stuckey, 33 Fed.Appx. 245 (8th Cir. 2002) (per curiam) (unpublished opinion). In this case,

below, the Court agrees with Respondent.

## II. DISCUSSION

Congress has authorized the BOP to give federal prisoners time off their sentences,

i.e., "good time credit," if they comply with prison regulations.  The statute authorizing the

award of such good time credit is 18 U.S.C. § 3624(b)(1) , which provides that –

> "a prisoner who is serving a term of imprisonment of more than 1 year other
> than a term of imprisonment for the duration of the prisoner's life, may receive
> credit toward the service of the prisoner's sentence, beyond the time served,
> of up to 54 days at the end of each year of the prisoner's term of imprisonment,
> beginning at the end of the first year of the term, subject to determination by the
> Bureau of Prisons that, during that year, the prisoner has displayed exemplary
> compliance with institutional disciplinary regulations.... [C]redit for the last year
> or portion of a year of the term of imprisonment shall be prorated and credited
> within the last six weeks of the sentence."

There also is a BOP regulation pertaining to good time credit, which is set forth at 28

C.F.R. § 523.20.  The regulation provides that –

> "Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after
> November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit
> toward service of sentence (good conduct time credit) for each year served.
> This amount is prorated when the time served by the inmate for the sentence
> during the year is less than a full year.  The amount to be awarded is also

--------------------

however, it appears that pursuing administrative relief would be a futile effort, because the
BOP has consistently rejected Petitioner's interpretation of the good time credit statute. See
Hendershot v. Scibana, No. 04-C-415-C (W.D.Wis. 2004), 2004 WL 2009241 (federal
prisoner excused from the exhaustion requirement, because the BOP had clearly indicated
that it would not accept prisoner's interpretation of the good time credit statute). Furthermore,
as of September 2004, Petitioner had already undertaken the initial steps of the
administrative remedy process, (see documents attached to "Petitioner's Response To
Respondent's Opposition Brief Dated September 20, 2004;" [Docket No. 8]), and it appears
quite likely that he has by now fully exhausted his administrative remedies. See Leighnor, 884
F.2d at 388 (because petitioner's failure to exhaust administrative remedies was "cured"
during the pendency of his appeal, the merits of his habeas claims could properly be
addressed).  Therefore, in this particular case, the Court will proceed directly to the merits of
Petitioner's claims.

subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter). Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.

(a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter)."

The BOP has interpreted the statute and regulation to mean that an inmate can earn 54 days of good time credit for each year that he is actually in prison. Petitioner, on the other hand, contends that he should get 54 days of good time credit for each year of the sentence imposed by the trial court judge in his criminal case. A prisoner will always earn less good time credit under the BOP's interpretation of the statute, because the length of a prisoner's actual imprisonment will always be less than his original sentence, (unless, of course, the prisoner's disciplinary record is so poor that he loses every possible day of good time credit).

According to the BOP's formula for calculating a prisoner's release date, a prisoner is awarded 54 days of good time credit at the end of the first full year of his actual imprisonment, (assuming he has not lost any good time credit for disciplinary reasons), and

4

the prisoner's projected release date is then moved forward by 54 days.  The same calculation is repeated each year thereafter on the anniversary of the commencement date of the prisoner's sentence:  54 days of good time credit is awarded, and the prisoner's projected release date is advanced accordingly.  When the BOP performs the last annual recalculation of a prisoner's release date, i.e., when the prisoner gets to the point where he is less than a full year away from his projected release date, the final projected release date is calculated on a prorated basis:  54 days per year, multiplied by the number of days remaining until the prisoner's currently projected release date.  Thus, under the BOP's formula, a well-behaved prisoner does not get 54 days of good time credit for each year of his original imposed sentence.  Instead, he gets 54 days of good time credit for each full year that he actually serves, plus a proportionate number of days for the final fractional year that he actually serves.

Petitioner claims that he is being shortchanged by the BOP's good time calculation formula.  According to Petitioner, good time credit should be awarded at the rate of 54 days per year for each year of the sentence that was originally imposed – not 54 days per year for each year actually served.

The dispute over the calculation of good time credits stems from different interpretations of the phrase "term of imprisonment" as used in § 3624(b)(1).  Petitioner contends that "term of imprisonment" must mean the full term of the original prison sentence imposed by the trial court.  The BOP contends that "term of imprisonment" means the number of days that the prisoner actually spends in prison – i.e., the number of days between the commencement date of his sentence and his final projected release date.

5

As noted above, an inmate's actual time in prison will always be shorter than the full length of the sentence imposed on him by the trial court, (unless the inmate loses every possible day of good time credit due to bad behavior).  Therefore, an inmate will always get more good time credit if the credit is based on his original sentence, (as advocated by the Petitioner), rather than the actual number of days of his confinement, (as currently used by the BOP).

The resolution of the dispute between the Petitioner and the BOP hinges on whether the phrase "term of imprisonment," as used in § 3624(b)(1), is clear on its face and means what the Petitioner thinks it means, or whether that phrase is ambiguous and susceptible to the construction adopted and applied by the BOP.  The Petitioner contends that "term of imprisonment" can mean <u>only</u> the sentence originally imposed by the trial court, and that § 3624(b)(1) therefore mandates that federal prisoners are eligible for 54 days of good time credit for each year of the sentence imposed.  The BOP, on the other hand, has asserted that the "term of imprisonment" can properly be interpreted to mean the period of time that a prisoner is actually incarcerated.

Petitioner's understanding of the good time credit statute has been adopted in one, (and apparently <u>only</u> one), reported district court case – <u>White v. Scibana</u>, 314 F.Supp.2d 834 (W.D. Wis. 2004).  However, the Seventh Circuit Court of Appeals subsequently reversed the district court's decision in <u>White</u>, and upheld the BOP's construction of the statute.  <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004).  In so ruling, the Seventh Circuit joined the Ninth Circuit Court of Appeals, which had previously upheld the BOP's construction of the good time credit statute in <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001).  After the Seventh

6

Circuit's decision in White, the First Circuit Court of Appeals also agreed that the BOP's interpretation of the statute should be upheld. Perez-Olivio v. Chavez, 394 F.3d 45, 51-52 (1st Cir. 2005). The Sixth Circuit reached the same conclusion in an unpublished decision. Brown v. Hemingway, No. 02-1948 (6th Cir. 2002), 2002 WL 31845147 (unpublished opinion), cert. denied, 535 U.S. 1105 (2002).

There are numerous federal district court decisions that have also rejected Petitioner's construction of the good time statute, and accepted the BOP's position. See e.g., Martinez v. Wendt, No. 3:03-CV-0826-L (N.D.Tex. 2003), 2003 WL 22456808 (Magistrate Judge's Report and Recommendation, later adopted at 2003 WL 22724755); Pasciuti v. Drew, No. 9:04-CV-043 (LEK) (N.D.N.Y. 2004) 2004 WL 1247813; Graves v. Bledsoe, 334 F.Supp.2d 906, 908 (W.D.Va. 2004); Loeffler v. Bureau of Prisons, No. 04 Civ. 4627 (GWG) (S.D.N.Y. 2004) 2004 WL 2417805; Sash v. Zenk, No. 04-CV-2476 (NGG) (E.D.N.Y. 2004), 2004 WL 2549724.

Furthermore, there are now quite a few cases in this District in which the BOP's construction of § 3624(b)(1) has been upheld. See e.g., Whitfield v. Hollingsworth, Civil No. 04-2730 (PAM/JSM) (reported at 2004 WL 3049763), James v. Outlaw, Civil No. 03-5476 (RHK/FLN); Parks v. Anderson, Civil No. 03-3455 (JNE/SRN); Bush v. Anderson, Civil No. 03-3535 (RHK/JGL); Miranda v. Hollingsworth, Civil No. 04-4265 (MJD/SRN).

Finally, and most significantly, the Eighth Circuit Court of Appeals has recently considered this matter, and that Court has also concluded that (a) the good time credit statute is ambiguous, and (b) the BOP's interpretation of the statute is reasonable. James v. Outlaw, No. 04-2686 (8th Cir. March 24, 2005), 2005 WL 677769 (unpublished opinion).

7

Based on the reasoning and authority of all of the cases cited above, together with a careful independent analysis of the statute, this Court is fully satisfied that the phrase "term of imprisonment," as used in § 3624(b)(1), is ambiguous, and that the BOP's interpretation of that phrase is reasonable. The Court therefore concludes that the BOP's construction of the good time statute should be upheld, and that Petitioner's present habeas corpus petition should be denied.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: April 7, 2005

       s/ Susan Richard Nelson
       SUSAN RICHARD NELSON
       United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, **no later than April 21, 2005**, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.